IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MARK H. FRYE and LISA FONNER,

       Plaintiffs,

v.                                   Civil Action No. 5:17CV88
                                              (STAMP)

THE MARSHALL COUNTY COAL COMPANY,
a Delaware corporation
and McELROY COAL COMPANY,
a Delaware corporation,

       Defendants.


**MEMORANDUM OPINION AND ORDER CONFIRMING PRONOUNCED RULING
DENYING DEFENDANTS' MOTION TO DISMISS**

I.   Background

Counsel for the defendants, The Marshall County Coal Company and McElroy Coal Company, removed this civil action to this Court from the Circuit Court of Marshall County, West Virginia. The case arises from the defendants' longwall mining and oil and gas well plugging operations under and adjacent to certain property in Marshall County. The plaintiffs are Mark H. Frye ("Mr. Frye"), the owner of the subject property, and Lisa Fonner ("Ms. Fonner"), a resident of the subject property. Count I of the original complaint alleges that, during and subsequent to the defendants' operations, the plaintiffs noticed damage to the property, the structures thereon, and the natural water supplies. The plaintiffs allege that the defendants have failed to correct the damages or adequately compensate both plaintiffs for the damages. The plaintiffs also allege that Ms. Fonner has contracted Klebsiella

Pneumoniae as a result of the back-up of gray water/septic water in the basement of the residence. Count II of the original complaint alleges that the defendants have violated their duty to the plaintiffs to maintain the value and reasonably foreseeable use of the overlying surface lands, in addition to several other duties. Count II also asks for punitive damages. Count III of the original complaint is a stand-alone claim for punitive damages.

The defendants have filed a partial motion to dismiss. The motion asks the Court to dismiss (1) the Count III stand-alone claim for punitive damages, (2) any general requests and/or claims for punitive damages contained with the complaint, and (3) Ms. Fonner's claims for property damage and claims for "annoyance and inconvenience" arising out of the alleged property damage. The defendants argue that Count III should be dismissed because there is no separate cause of action for punitive damages in West Virginia. The defendants contend that the general request for punitive damages should also be dismissed because the complaint does not provide any facts in support of a punitive damages claim. Lastly, the defendants assert that Ms. Fonner does not have standing to pursue any claim for, or arising out of, property damage because she does not own the property at issue.

The plaintiffs did not respond to the defendants' partial motion to dismiss. However, after the defendants filed their partial motion to dismiss, the plaintiffs timely filed a amended

complaint.  The amended complaint removes the stand-alone claim for punitive damages but still includes a general request for punitive damages.  The amended complaint also removes any property-related damage claim as to Ms. Fonner.

The parties, by counsel, appeared before this Court for a status and scheduling conference on August 1, 2017.  The Court ruled on the partial motion to dismiss at that time, and this memorandum opinion and order serves to confirm that ruling.

## II.  Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true.  Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments."  Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5B Charles Alan Wright

& Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  Id.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949).  Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

## III.  Discussion

This Court found that two of the assertions in the partial motion to dismiss have been remedied by the amended complaint.

4

First, the amended complaint removed Count III, the stand-alone claim for punitive damages. Second, the amended complaint withdrew all property-related damages claims as to Ms. Fonner. The only remaining property-related damages claims are as to Mr. Frye, which the partial motion to dismiss did not challenge. Thus, the Court denied as moot both of those parts of the partial motion to dismiss.

As to the general claim for punitive damages, this Court construed the complaint in the light most favorable to the plaintiffs for the purposes of the partial motion to dismiss. The Court found that the plaintiffs have made factual allegations that could result in an award of punitive damages. Discovery will be required to determine whether punitive damages are appropriate in this case, but, at the motion to dismiss stage, this Court must accept as true the plaintiffs' allegations that punitive damages are justified. Thus, the partial motion to dismiss could not be granted based on the defendants' argument that there are no facts alleged that sufficiently support a claim for punitive damages. Rather, the allegations relating to the request for punitive damages are matters to be developed in discovery.

Given that it cannot be determined at that stage whether punitive damages are justified, the Court looked at only whether the plaintiffs have adequately pled their claims such that there are plausible grounds for relief under West Virginia law. West

Virginia law allows for an award of punitive damages "[i]n actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it." Manor Care, Inc. v. Douglas, 763 S.E.2d 73, 96 (W. Va. 2014). The plaintiffs allege in their amended complaint that "[t]he Defendants' failure to provide for replacement, repair or compensation to Plaintiff for his damages was willful, wanton, intentional, conscious, reckless, and malicious, demonstrating outrageous indifference to the safety and welfare of the Plaintiff." ECF No. 6 at 5.

Thus, the defendants have adequately pled the general request for punitive damages. More detailed factual allegations at this stage are not necessary. Based upon the standard of review for motions to dismiss, this Court found that the general request for punitive damages contains sufficient specificity to warrant denial of the motion to dismiss.

## IV. Conclusion

For the reasons set forth above, the defendant's partial motion to dismiss (ECF No. 5) was DENIED AS MOOT as to Count III of the original complaint and as to Ms. Fonner's claim for property damage and for "annoyance and inconvenience" related to the property damage. The partial motion to dismiss was DENIED as to

any general requests or claims for punitive damages contained within the complaint.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     August 3, 2017


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE